**E-FILED on**   1/3/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MITCHELL J. PEARCE, D.C., M.S., L.Ac.,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROL ROMEO *et al.*,<br><br>    Defendants. | No. C-02-04011 RMW<br><br>ORDER GRANTING DEFENDANT LEVIN'S MOTION TO DISMISS<br><br>**[Re Docket No. 190]** |

    Defendant Susan Levin ("Levin") moves to dismiss the sixth, eighteenth, twenty-seventh, twenty-eighth, and twenty-ninth claims in plaintiff's first amended complaint ("FAC") against her for failure to state a claim. Plaintiff Mitchell J. Pearce's ("Pearce") opposes the motion.[1] The court has read the moving and responding papers. For the reasons set forth below, the court GRANTS defendant Levin's motion to dismiss with prejudice.

## I. BACKGROUND

    The present action relates to a dispute between plaintiff and essentially all participants in proceedings before the California Board of Chiropractic Examiners and the Acupuncture Board.

---

[1]     For the purposes of this order, "defendant" refers only to Susan Levin unless otherwise noted.

Among other individuals sued, plaintiff sued defendant Levin. Levin is an attorney who represented Gaylyn Machado Stuart in a worker's compensation claim. FAC ¶ 32. Stuart claimed that plaintiff "vaginally and rectally penetrated [her] with a stick multiple times" during the course of a chiropractic examination. *Id.* ¶ 35. Plaintiff alleges that Levin advised Stuart to file a complaint with the State Compensation Insurance Fund and the Chiropractic Board, referred Stuart to another attorney for the purposes of filing a sexual battery suit against plaintiff, and agreed with others to falsely report Stuart's claim of sexual battery. *Id.* ¶¶ 31-37.

On April 23, 2001, following a court appointed mediation session, plaintiff and the named defendants in *Pearce v. Machado et al.*, Santa Clara Superior Court No. 758688, and *Pearce v. Alexander et al.*, Santa Clara Superior Court No. 764308, signed an agreement pursuant to which plaintiff agreed to dismiss both cases with prejudice and release the individuals listed in exhibit A of the agreement from liability. Defendant Levin is listed on exhibit A of the agreement. The state court entered a dismissal with prejudice on September 18, 2001. Def.'s RJN, Exs. A-C.

## II.  ANALYSIS

### A.  Sixth Claim for Malicious Prosecution

Plaintiff alleges that Levin, Stuart, and others "instigated and prosecuted" Stuart's false claims against him before the Chiropractic Board to protect themselves from exposure of their purported involvement in insurance fraud and to create false worker's compensation claims for Stuart. FAC ¶ 156. He contends that Levin and others "continued the prosecution" by soliciting more complainants, creating publicity to force the Chiropractic Board to act, hounded the Board and prosecutor, fabricated evidence, and suborned perjury. *Id.*

This court's April 20, 2005 Order Granting Defendants Fulton and Guy's Motion to Dismiss ("Fulton April 20, 2005 Order") dismissed these same malicious prosecution allegations against those defendants. Fulton April 20, 2005 Order at 3:17-5:8. Fulton and Guy are attorneys who represented Stuart in a medical malpractice suit filed against plaintiff. Plaintiff contends that because the California Supreme Court in *Hassan v. Mercy Medical River Hosp.*, 31 Cal. 4th 709, 720 (2003), held that only qualified immunity applies to complaints made to healthcare licensing

1  boards, *Rodas* is no longer good law.  Plaintiff further asserts that the court's Fulton April 20, 2005
2  Order relied "exclusively" on *Rodas* and, therefore, reached an erroneous holding.
3       Plaintiff's argument is without merit.  *Hassan* involves the issue of immunity under Cal. Civ.
4  Code section 43.8.  This court's previous dismissal of plaintiff's malicious prosecution claim was not
5  on the basis of immunity under Cal. Civ. Code section 43.8.  *See* Fulton April 20, 2005 Order at
6  3:24-26; *see also* May 4, 2004 Order Granting Alexander's Mot. Dismiss ("Alexander May 4, 2004
7  Order") at 2:16-3:2 (noting that *Hassan* held that the privilege under section 43.8 is qualified rather
8  than absolute and that the immunity did not apply to defendant Alexander).  Rather, the court relied
9  upon *Rodas v. Spiegel*, 87 Cal. App. 4th 513, 521 (2001), for the proposition that "when a state
10 licensing board is *empowered and directed* to conduct an investigation of complaints from the
11 public, a person alleged to have filed a false report with the board that results in the filing of charges
12 against the licensee is not subject to malicious prosecution."  Fulton April 20, 2005 Order at 3:26-
13 4:1 (citing *Rodas*, 87 Cal. App. 4th at 521).  In addition, citing *Stanwyck v. Horne*, 146 Cal. App. 3d
14 450, 454-59 (1983), the court noted that under California law, "where an independent investigation
15 occurs, an action for malicious prosecution will not lie against a complaining party in an
16 administrative proceeding."  Fulton April 20, 2005 Order at 4:23-4:27.  Therefore, the court
17 concluded that because it was the Chiropractic Board that ultimately determined whether charges
18 should be filed against plaintiff, defendants Fulton and Guy could not be held liable under a theory
19 that they "instigated" the disciplinary proceedings.  *Id.* at 3:24-26; 5:3-8.
20      Accordingly, plaintiff's malicious prosecution claim against Levin is dismissed for the same
21 reasons set forth in the court's Fulton April 20, 2005 Order.

22     **B.**    **Plaintiff's Eighteenth Claim for Defamation and Conspiracy**

23      Plaintiff's Eighteenth Claim seeks damages for "defamation in connection with violation of
24 42 U.S.C. § 1983 and conspiracy in violation of 42 U.S.C. § 1983."  Plaintiff alleges that Levin,
25 along with Romeo, Sharp, Alexander, and Stuart agreed to plant newspaper articles to defame
26 plaintiff and to produce additional complainants against him.  FAC ¶ 208.  Plaintiff contends that
27 such defamatory remarks were utilized to prosecute him.  *Id.*  According to the complaint, plaintiff
28

was deprived of equal protection under the laws, suffered an ulcer, suffered loss of goodwill in his business, and lost his property and liberty interests in maintaining his business. *Id.* ¶¶ 210-11.

Defendant argues that this action is barred under California's then existing one-year statute of limitations. In dismissing the same claim against defendant Alexander, this court held that plaintiff's "defamation in connection with violation of 42 U.S.C. § 1983" claim is barred by the statute of limitations. Alexander May 4, 2004 Order at 4:8-19; *see* Order Granting Alexander's Motion to Dismiss dated April 19, 2005 ("Alexander April 19, 2005 Order") at 7:19-21. California's one-year statute of limitations for personal injury actions governs civil rights claims brought under sections 1983 and 1985. *See* Alexander May 4, 2004 Order at 4:8-19 (citing *Taylor v. Regents*, 993 F.2d 710, 711 (9th Cir. 1993)). Further, the court found that plaintiff's complaint provides no factual basis for an assertion that Levin (or the other defendants) acted under color of law. *See* Fulton April 20, 2005 Order at 5:15-5:18.

### C. Plaintiff's Twenty-Seventh Claim for Conspiracy to Violate Civil Rights

In his Twenty-Seventh claim plaintiff alleges that defendants conspired to deprive him of his livelihood, liberty, and property interest in practicing his profession and his right to equal protection under the law. FAC ¶ 256. All defendants purportedly acted with the purpose to "victimize" plaintiff and cause him to be "prosecuted without probable cause on evidence fabricated at the behest of the state." *Id.* Plaintiff contends that all the named defendants "overwhelmed the protections of due process and fair court procedure by fraudulently concealing their conspiracy and acts" and "circumvented the protections of due process and the right to confront evidence . . . in *Chiropractic Board v. Pearce*." *Id.* ¶ 257. Plaintiff also claims he was subjected to illegal search and seizure. *Id.*

Levin argues that, as with the Eighteenth claim, plaintiff's Twenty-Seventh and Twenty-Eight claims are barred by the statute of limitations. However, this court previously found that the gist of plaintiff's conspiracy to violate civil rights claim appeared to be that defendant Alexander participated in a conspiracy to cause adverse Chiropractic Board action. Alexander May 4, 2004 Order at 5:26-6:4. Therefore, the court concluded that an element of plaintiff's conspiracy claim arguably is that the adverse Board action was reversed. Because the present suit was filed less than

ORDER GRANTING DEFENDANT LEVIN'S MOTION TO DISMISS—No. C-02-04011 RMW
SPT                                            4

one year from the termination of that Board proceeding, the court found that plaintiff's claim of conspiracy to violate civil rights was timely.

Levin also argues that plaintiff's allegations are insufficient to state a claim under either section 1983 or 1985.[2] To state a claim under section 1983, a plaintiff must allege: (1) that some person has deprived him of a federal right, and (2) that the person who has deprived him of that right acted under color of state or territorial law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). This court has previously concluded that the allegations in plaintiff's first amended complaint are insufficient to support his theory of a conspiracy or to show that defendants Fulton and Guy acted under color of law. Fulton April 20, 2005 Order at 5:15-18 (concluding that plaintiff's allegations of conspiracy are conclusory and insufficient to establish the existence of a conspiracy and that plaintiff's complaint provides no factual basis for an assertion that defendants Fulton and Guy acted under color of law). In his opposition, plaintiff argues that Levin acted under color of law on the basis of his asserted theory of conspiracy. Because plaintiff has not adequately alleged a conspiracy, his Twenty-Seventh claim fails.

**D.     Plaintiff's Twenty-Eight Claim for Violation of 42 U.S.C. § 1983**

In his Twenty-Eighth claim plaintiff asserts that all the named defendants "engaged in a series of agreements which overlapped in membership, purpose, and activities and which were united in one common goal of destroying" his professional life. *Id.* ¶ 266. In opposition, plaintiff clarifies that his Twenty-Eighth claim "sounds under 42 U.S.C. § 1985" even though the complaint describes the claim as a violation of § 1983. *See* FAC ¶ 266. Plaintiff also asserts that "if a conspiracy is proved, Levin will be liable" under his Twenty-Eighth claim. Because the court concludes that plaintiff has failed to allege a conspiracy, plaintiff's Twenty-Eighth claim must be dismissed whether it purports to be a claim under § 1983 or § 1985.

**E.     Plaintiff's Twenty-Ninth Claim for RICO Activities**

Plaintiff's RICO claim is directed against Levin, Stuart, Love, Guy, Fulton, Younts, Younts & Fulton, and Alexander. Plaintiff incorporates all earlier allegations and further alleges that these

---

[2] The parties dispute whether plaintiff's Twenty-Seventh claim alleges violations under both 42 U.S.C. § 1983 and § 1985. Since defendant argues that plaintiff's complaint is inadequate to sustain a claim under either section, the court will address both in this order.

1 defendants together carried out a plan to defraud Stuart's worker's compensation carrier and to cover
2 up this fraud by causing plaintiff to be prosecuted for false crimes. FAC ¶ 271. Plaintiff alleges that
3 these defendants used the mails in furtherance of their plan, including Guy's mailing of false
4 accusations to the Chiropractic Board and Alexander's mailings to the newspapers on June 5 and 12,
5 1995, and continued to use the mails in this manner through September 2001.

6 Defendant argues that plaintiff's RICO claims are barred by the applicable four-year statute
7 of limitations. Plaintiff appears to argue that because the mails were used through September 2001
8 in furtherance of defendants' purported plan to defraud, his claim was timely. This court has
9 previously held on two occasions that plaintiff's RICO claims are barred by the statute of limitations.
10 *See* Alexander May 4, 2004 Order at 7:6-23; Fulton April 20, 2005 Order at 6:1-6:13. In opposition,
11 plaintiff contends that this court previously held that "RICO Defendants are only liable for acts done
12 within the statute of limitations" and therefore, Levin is liable for those actions carried out by her co-
13 conspirators within four years before this action was filed. This contention is incorrect as the court's
14 prior holdings clearly stated that plaintiff's RICO claims were time barred. Plaintiff also asserts that
15 *Heck v. Humphrey*, 512 U.S. 477 (1994) should control when plaintiff's RICO claims occurred.
16 However, this court has previously held that such an argument is unpersuasive and concluded that
17 *Heck* does not apply here because a favorable determination of plaintiff's Chiropractic Board
18 proceeding was not a necessary element of plaintiff's RICO claim. Alexander May 4, 2004 Order at
19 7:21-23.

20 **F.     Res Judicata**

21 Defendant also argues that each of plaintiff's claims against defendant is barred under the
22 doctrine of *res judicata* based on the April 23, 2001 settlement agreement pursuant to which Pearce
23 released Levin, among other individuals, from liability in two state actions that arise from the same
24 nucleus of facts. Plaintiff now attempts to disavow the effect of that agreement despite the fact that
25 he previously moved to judicially enforce it. The acts which Levin allegedly personally committed
26 took place prior to the settlement agreement. Plaintiff's claims against Levin are barred.

27
28

ORDER GRANTING DEFENDANT LEVIN'S MOTION TO DISMISS—No. C-02-04011 RMW
SPT                                                              6

**G.  Leave to Amend**

Leave to amend should be freely granted when justice requires. FED. R. CIV. P. 15(a). Here, the court is satisfied that plaintiff has been given sufficient opportunity to successfully amend and that any further attempt at amendment would be futile.

### III.  ORDER

For the foregoing reasons, the court GRANTS defendant Levin's motion to dismiss with prejudice.

DATED:     1/3/07                                                    /s/ Ronald M. Whyte
                                                                                    RONALD M. WHYTE
                                                                                    United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

M. Van Smith  mvsmith@sbcglobal.net

**Counsel for Defendants:**

| | |
|---|---|
| Steven D. Wasserman | steven.wasserman@sdma.com |
| Tom Blake | tom.blake@doj.ca.gov |
| G. Dana Scruggs | dana@surfcitylaw.com |
| William Sidney Caspari | William.Caspari@zurichna.com |
| Harlan B. Watkins | hwatkins@mpbf.com |
| James A. Murphy | jmurphy@mpbf.com |
| Edward F. Cullen | ecullen@wpclaw.com |
| William Faulkner | wfaulkner@mfmlaw.com |
| Michael Reedy | mreedy@mfmlaw.com |
| Rebecca Hughes | rhughes@mfmlaw.com |
| Bruce C. Funk | bcfunkesq@aol.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 1/3/07

SPT
**Chambers of Judge Whyte**

ORDER GRANTING DEFENDANT LEVIN'S MOTION TO DISMISS—No. C-02-04011 RMW
SPT                                                                                  8